1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFRED ARTHUR SANDOVAL, | ) | No. C 12-3007 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PLAINTIFF |
| | ) | TO PROVIDE COURT WITH |
| v. | ) | MORE INFORMATION FOR |
| | ) | DEFENDANT J. M. REYES; |
| | ) | DENYING MOTION FOR |
| CORRECTIONAL SGT. D. BARNEBURG, | ) | ORDER OF FORMAL SERVICE |
| et al., | ) | OF PROCESS; DENYING |
| | ) | MOTION FOR APPOINTMENT |
| Defendants. | ) | OF COUNSEL |
| | ) | |
| _____ | ) | (Doc. Nos. 23, 24, 26.) |

On June 11, 2012, Plaintiff, a California state prisoner proceeding *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983, against correctional officers at Pelican Bay State Prison. ("PBSP")  On October 5, 2012, the Court found that Plaintiff stated a cognizable claim for relief, and ordered service upon the named Defendants.  (Doc. No. 4.)  On October 19, 2012, notices of lawsuit and requests for waivers of service of summons were mailed to Defendants.[1]  (Doc. Nos. 5, 6, 7, 8, 12.)  Defendants Barneburg, Buchanan, Beeson and Countess have returned executed waivers.[2]  (Doc. Nos. 15, 16, 27, 28.)  The notice of lawsuit and request

_____

[1]  Defendant Countess' notice of lawsuit and request for waiver of service of summons were not mailed until November 6, 2012.

[2]  Defendants Barneburg and Buchanan filed an answer to the complaint with a demand for a jury trial.  (Doc. No. 18.)  Plaintiff has filed a motion for an extension of time to respond to this filing.  (Doc. No. 26.)  Plaintiff's motion is **DENIED** as unnecessary.

Order Directing Plaintiff to Provide the Court with More Information for Defendant J.M. Reyes; Denying motion for
Formal Service; Denying Motion for Appointment of Counsel
G:\PRO-SE\SJ.LHK\CR.12\Sandoval007reyes-misc.wpd

1    for waiver of service of summons sent to Defendant J. Reyes[3] was returned unexecuted because

2    he did not work for PBSP.  (Doc. No. 14.)  The Court does not have current, accurate locate

3    information for Defendant J. M. Reyes.

4         Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on

5    service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such

6    service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate

7    defendant and attempt to remedy any apparent defects of which [he] has knowledge."  *Rochon v.*

8    *Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, Plaintiff's complaint has been pending for

9    over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without

10   prejudice.  *See* Fed. R. Civ. P. 4(m).  Because Plaintiff has not provided sufficient information to

11   allow the Marshal to locate and serve Defendant J. M. Reyes, Plaintiff must remedy the situation

12   or face dismissal of his claims against Defendant J. M. Reyes without prejudice.  *See Walker v.*

13   *Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why

14   prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had

15   provided Marshal with sufficient information to effectuate service).

16        In the interest of justice, the Litigation Coordinator at PBSP is requested to provide more

17   information about the employment status of Defendant J. M. Reyes.  To the extent there was

18   more than one "J. M. Reyes" at PBSP, Plaintiff proffers that Defendant J. M. Reyes was a

19   correctional officer assigned to the Institution Security Unit in February 2007.  (Doc. No. 1 at 6-

20   7.)  The requested information shall indicate whether J. M. Reyes was a former employee of

21   PBSP, and if he is currently an employee of the California Department of Corrections and

22   Rehabilitation ("CDCR").  If he is a former employee of PBSP, but still employed with CDCR,

23   the Litigation Coordinator is requested to provide a current employment address for Defendant J.

24   M. Reyes.  If he is a former employee but no longer employed with CDCR, the Litigation

25   Coordinator is requested to provide a forwarding address, or notice that such information is not

26

27        [3] Plaintiff identified Defendant J. Reyes as both J. Reyes and J. M. Reyes in his

28   complaint. (Doc. No. 1 at 1, 6.)  The Court docket and the Summons name J. Reyes.  **The Clerk shall change the docket to substitute J. M. Reyes for J. Reyes as a defendant.**

1  available.  **The Clerk shall forward a copy of this order to the Litigation Coordinator at**

2  **PBSP, who is requested to provide the current employment status for Defendant J. M.**

3  **Reyes, and any available forwarding address, or notice that such information is not**

4  **available, within twenty (20) days from the date this order is filed.**

5          Plaintiff must file notice and provide the Court with an accurate current location of

6  Defendant J. M. Reyes such that the Marshal is able to effect service.  **If Plaintiff fails to**

7  **provide the Court with an accurate current location for Defendant J. M. Reyes within**

8  **thirty (30) days of the date this order is filed, Plaintiff's claims against this Defendant will**

9  **be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil**

10  **Procedure.**

11         Plaintiff has filed a motion requesting the Court to order formal service of process for

12  Defendants Barneburg, Buchanan, Beeson, Countess and Reyes. (Doc. Nos. 23.)  Based on the

13  foregoing reasons, Plaintiff's motion requesting an order for service of process is **DENIED** as

14  moot and premature.

15         Plaintiff has also filed a motion for appointment of counsel.  (Doc. No. 24.)  Plaintiff's

16  motion for appointment of counsel is **DENIED** for want of exceptional circumstances.  *See Rand*

17  *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*,

18  452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case).  The issues in

19  this case are not particularly complex, and Plaintiff has thus far been able to adequately present

20  his claims.  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at

21  a future date should the circumstances of this case warrant such appointment.

22         This order terminates docket numbers 23, 24 and 26.

23         IT IS SO ORDERED.

24  DATED: _____1/24/13_____

25                                                LUCY H. KOH
                                                  United States District Judge

26

27

28

Order Directing Plaintiff to Provide the Court with More Information for Defendant J.M. Reyes; Denying motion for
Formal Service; Denying Motion for Appointment of Counsel
G:\PRO-SE\SJ.LHK\CR.12\Sandoval007reyes-misc.wpd   3