IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARTHUR SANDOVAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL SGT. D. BARNEBURG, et al.,<br><br>    Defendants. | No. C 12-3007 LHK (PR)<br><br>ORDER DENYING MOTION TO DISMISS |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, alleging that correctional officers at Pelican Bay State Prison used excessive force upon him. Defendants have filed a motion to dismiss the complaint as untimely. Plaintiff has filed an opposition, and Defendants have filed a reply. For the reasons stated below, the Court DENIES Defendants' motion to dismiss.[1]

**I.    BACKGROUND**

Plaintiff alleges that, on February 2, 2007, he was physically attacked by correctional officers after he was being escorted back from a strip search. Plaintiff exhausted his

---

[1] Defendants' request for judicial notice is GRANTED. Defendant Reyes' request to join the motion to dismiss is GRANTED.

Order Denying Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007mtdtimeDENY.wpd

1 administrative remedies on June 25, 2007, alleging that Defendants used excessive force upon
2 him.
3       Plaintiff has previously attempted to litigate his excessive force claim. On February 8,
4 2008, Plaintiff filed a complaint in *Sandoval v. Tilton*, No. 08-865 JSW. In that case, Plaintiff
5 raised, *inter alia*, the underlying excessive force claim. (Req. Jud. Not., Ex. A.) The Court
6 found that Plaintiff stated cognizable claims for excessive force, deliberate indifference, and
7 retaliation; dismissed several Defendants; and ordered service upon the remaining Defendants.
8 On July 30, 2008, Plaintiff filed an amended complaint. (*Id.*, Ex. D.) The Court again found that
9 Plaintiff stated cognizable claims for excessive force, deliberate indifference, retaliation, and a
10 new claim for due process, and again dismissed several Defendants. On May 29, 2009,
11 Defendants in that suit filed a motion to dismiss for failure to state a claim and misjoinder. (*Id.*,
12 Ex. F.) On March 24, 2010, the Court agreed and dismissed the amended complaint with leave
13 to amend. (*Id.*, Ex. G.) Specifically, the Court informed Plaintiff that if he wished to continue to
14 pursue unrelated claims, he must raise the unrelated claims in separate complaints. Moreover,
15 the Court explained that the amended complaint again failed to link several individual
16 Defendants to specific facts. On August 6, 2010, Plaintiff filed a second amended complaint.
17 (*Id.*, Ex. H.) On November 8, 2010, the Court dismissed without leave to amend the second
18 amended complaint in its entirety for failing to cure the stated deficiencies, including misjoinder
19 and failing to link individual Defendants to specific acts. (*Id.*, Ex. I.) The Court informed
20 Plaintiff that the dismissal was without prejudice to filing new complaints in separate actions.
21 (*Id.*) Plaintiff appealed the judgment, and the Ninth Circuit affirmed on February 9, 2012. (*Id.*,
22 Ex. K.)
23       Plaintiff filed the underlying action raising a claim for excessive force on June 11, 2012.
24 **II.    LEGAL STANDARD**
25       A complaint must contain a "short and plain statement of the claim showing that the
26 pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under
27 Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does
28

Order Denying Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007mtdtimeDENY.wpd

not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The Court may grant a motion to dismiss based on the running of the statute of limitations "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

**III.   ANALYSIS**

Defendants argue that Plaintiff's complaint is barred by the statute of limitations. Plaintiff counters that Defendants are misinterpreting the California statute regarding statutory tolling, and that he is entitled to equitable tolling.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).

Here, Plaintiff knew of his injury on February 2, 2007. However, the statute of limitations did not begin to run until after Plaintiff had exhausted his administrative remedies. *See Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir. 1987) ("The doctrine suspends the

statute of limitations pending exhaustion of administrative remedies, even though no statute makes exhaustion a condition of the right to sue."). Thus, the statute of limitations did not begin until June 26, 2007, the day after Plaintiff exhausted his administrative remedies. Therefore, Plaintiff had until June 25, 2009 to file his federal complaint. This action, filed on June 11, 2012, is approximately three years late, unless Plaintiff is entitled to tolling.

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." *See* Cal. Civ. Proc. Code § 352.1(a). In other words, an inmate serving a sentence other than life without the possibility of parole or a death sentence has four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. *See Martinez v. Gomez*, 137 F.3d 1124, 1125-26 (9th Cir. 1998) (per curiam) (prisoner serving life sentence with the possibility of parole is entitled to § 352.1 tolling); *Grasso v. McDonough Power Equip.*, 264 Cal. App. 2d 597, 601 (1968). Here, Plaintiff was sentenced to a term of life without the possibility of parole. (Req. Jud. Not., Ex. L.) Plaintiff, therefore, does not receive tolling under § 352.1.

Nonetheless, where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Because the Court has borrowed California's statute of limitations, it also applies California's equitable tolling rules. *Id.*

Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal.3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. Equitable tolling is not applicable in Plaintiff's case because Plaintiff's first action was not one in a separate forum, such as in a state

court or administrative forum, but in the same forum. *See Thomas v. Gilliland*, 95 Cal. App. 4th 427, 525 (2002) ("The doctrine of equitable tolling, however, only applies where the plaintiff has alternate remedies and has acted in good faith."); *Martell v. Antelope Valley Hospital Medical Center*, 67 Cal. App. 4th 978, 985 (1998) ("[A]ppellants pursued successive claims in the same forum, and therefore equitable tolling did not apply"). That is, Plaintiff's first action was not one of several legal remedies that Plaintiff chose to pursue in order to "lessen the extent of his injuries of damage." *Cervantes*, 5 F.3d at 1275.

However, where a plaintiff wishes to toll the statute of limitations based on the filing of an earlier, timely action, a general equitable rule ("*Bollinger* rule") may apply. *See Addison v. State of California*, 21 Cal. 3d 313, 318-19 (1978) (citing *Bollinger v. National Fire Ins. Co.*, 25 Cal. 2d 399 (1944)). In *Bollinger*, a plaintiff filed a timely action against his fire insurance carrier, but that action was erroneously dismissed by the trial court. The California Supreme Court held, that, under its equitable power, and under those circumstances, the plaintiff could file a second action against the carrier outside the statute of limitations. The Court held that tolling was appropriate because (1) the original dismissal was erroneous; (2) the plaintiff had diligently pursued his claim; and (3) the defendant was not prejudiced. *Id.* at 410-11. In other instances, the state courts have withheld this equitable remedy. *See, e.g.*, *Hu v. Silgan Containers Corp.*, 70 Cal. App. 4th 1261, 1270-71 (1996) (concluding that because the plaintiff failed to demonstrate dilatory actions on the part of defendants, or error on the part of the Superior Court, he was not entitled to equitable tolling); *Hull v. Central Pathology Service Medical Clinic*, 28 Cal. App. 4th 1328, 1336 (1994) (in a medical malpractice case, the appellate court concluded that the second suit was barred by the statute of limitations because the plaintiff had failed to comply with the civil rules); *Wood v. Elling Corp.*, 20 Cal. 3d 353, 359 (1977) (stating that when the failure to comply with provisions regarding timely service and prosecution of claims "operate to bring about a dismissal, the applicability of the pertinent statute of limitations is restored as if no action had been brought."); *Tannhauser v. Adams*, 31 Cal. 2d 169, 177 (1947) (finding no equitable tolling during the first suit because it was dismissed for failure to

prosecute).

Here, Plaintiff does not allege that Defendants engaged in any dilatory tactics, or that the Court erred in dismissing his first action. However, the Court recognizes that Plaintiff's underlying claim – excessive force – was properly and timely filed in the federal court in *Sandoval v. Tilton*, No. 08-865 JSW. That Court found that Plaintiff stated a cognizable claim of excessive force and ordered service upon Defendants. Plaintiff's action was dismissed not because he failed to plead or pursue the excessive force claim, but because he failed to understand the rule of misjoinder. In its dismissal order, the district court instructed Plaintiff that the dismissal was without prejudice to Plaintiff's filing separate complaints in new actions. Plaintiff then went on to appeal the dismissal to the Ninth Circuit, which ultimately affirmed the dismissal. Approximately four months after the mandate issued, Plaintiff filed the underlying action, following the instructions he was given in the first action. The Court finds that the procedural history of Plaintiff's litigation of this claim presents a unique set of facts that warrants the Court's exercise of its equitable power to grant tolling to Plaintiff.

Accordingly, Defendants' motion to dismiss is DENIED.[2]

IT IS SO ORDERED.

DATED: 6/10/13

_____
LUCY H. KOH
United States District Judge

---

[2] Defendants also move to dismiss the suit against them in their official capacities. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). However, a suit against a state official seeking prospective injunctive relief from unconstitutional state action is not a suit against the state, even if the state is the real party in interest. *See Kentucky v. Graham*, 473 U.S. at 167 n.14; *Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997). Thus, to the extent Plaintiff is not seeking prospective injunctive relief against Defendants in their official capacities, Defendants' motion is GRANTED. *See id.*

Order Denying Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007mtdtimeDENY.wpd