1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  ALFRED ARTHUR SANDOVAL,        )   No. C 12-3007 LHK (PR)
                                   )
12          Plaintiff,             )   ORDER GRANTING DEFENDANTS'
                                   )   MOTION FOR LEAVE TO FILE
13       v.                        )   MOTION FOR RECONSIDERATION;
                                   )   VACATING ORDER DENYING
14                                 )   DEFENDANTS' MOTION TO
    CORRECTIONAL SGT. D.           )   DISMISS; GRANTING
15  BARNEBURG, et al.,             )   DEFENDANTS' MOTION TO
                                   )   DISMISS
16          Defendants.            )
                                   )   (Docket No. 48)
17  _____)

18       On June 11, 2012, plaintiff, a California state prisoner proceeding *pro se*, filed a civil

19  rights action under 42 U.S.C. § 1983, alleging that correctional officers at Pelican Bay State

20  Prison used excessive force upon him.  On February 28, 2013, defendants filed a motion to

21  dismiss the action as untimely.  On June 11, 2013, the court denied defendants' motion to

22  dismiss.  Defendants have filed a motion for leave to file a motion for reconsideration.  Plaintiff

23  has not filed an opposition.

24       For the reasons that follow, defendants' motion for leave to file a motion for

25  reconsideration is GRANTED, the court's June 11, 2013, order denying defendants' motion to

26  dismiss is VACATED, and defendants' motion to dismiss is GRANTED.

27
28

Order Granting Defendants' Motion for Leave to File Motion for Reconsideration; Vacating Order Denying
Defendants' Motion to Dismiss; Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007recon.wpd

1    **I.    LEGAL STANDARD**

2        "Reconsideration is appropriate if the district court (1) is presented with newly

3    discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or

4    (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5

5    F.3d 1255, 1263 (9th Cir. 1993).  In the Northern District of California, no motion for

6    reconsideration may be brought without leave of court.  *See* Civil L.R. 7-9(a).  Under Civil Local

7    Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a

8    material difference in fact or law exists from that which was presented to the court before entry

9    of the interlocutory order for which the reconsideration is sought, and that in the exercise of

10   reasonable diligence the party applying for reconsideration did not know such fact or law at the

11   time of the interlocutory order; or (2) the emergence of new material facts or a change of law

12   occurring after the time of such order; or (3) a manifest failure by the court to consider material

13   facts or legal arguments which were presented to the court before such interlocutory order.  *See*

14   Civil L.R. 7-9(b).

15   **II.   ANALYSIS**

16       Defendants ask the court to reconsider the denial of their motion to dismiss because

17   plaintiff was not entitled to equitable tolling under California law, and without equitable tolling,

18   plaintiff's complaint was untimely.

19       Previously, in *Sandoval v. Tilton*, No. 08-865 JSW (filed on Feb. 8, 2008), plaintiff had

20   raised, *inter alia*, an excessive force claim.  (Doc. No. 35, Req. Jud. Not., Ex. A.)  After filing an

21   amended complaint, defendants in *Sandoval v. Tilton*, No. 08-865 JSW, filed a motion to dismiss

22   for failure to state a claim and misjoinder.  (*Id.*, Ex. F.)  On March 24, 2010, the court agreed and

23   dismissed the amended complaint with leave to amend.  (*Id.*, Ex. G.)  The court informed

24   plaintiff that if he wished to continue to pursue unrelated claims, he must raise the unrelated

25   claims in separate complaints.  The court further explained that the amended complaint failed to

26   link several individual defendants to specific facts.  On August 6, 2010, plaintiff filed a second

27   amended complaint.  (*Id.*, Ex. H.)  On November 8, 2010, the court dismissed the second

28

Order Granting Defendants' Motion for Leave to File Motion for Reconsideration; Vacating Order Denying
Defendants' Motion to Dismiss; Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007recon.wpd        2

1   amended complaint because it did not comply with the court's directions to cure the stated

2   deficiencies, including misjoinder and failing to link individual defendants to specific acts.  (*Id.*,

3   Ex. I.)  Plaintiff appealed the dismissal, and the Ninth Circuit affirmed the judgment on February

4   9, 2012.  (*Id.*, Ex. K.)

5       Plaintiff then filed the underlying action on June 11, 2012, and again raised the same

6   excessive force claim as he had alleged in *Sandoval v. Tilton*, No. 08-865 JSW.  Defendants filed

7   a motion to dismiss the complaint as untimely.  This court denied defendants' motion to dismiss.

8   In the court's order, it agreed that, without tolling, the underlying action was approximately three

9   years late.  The court further determined that plaintiff was not entitled to statutory tolling

10  because plaintiff was sentenced to a term of life without the possibility of parole.  *See* Cal. Civ.

11  Proc. Code § 352.1(a) (reconizing that imprisonment can toll the statute of limitations when a

12  person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal

13  court for a term of *less than* for life.") (emphasis added).  In addition, the court concluded that

14  California's general doctrine of equitable tolling was inapplicable because plaintiff's first action

15  – *Sandoval v. Tilton*, No. 08-865 JSW – was filed in the same forum as plaintiff's second

16  underlying action.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)

17  (noting that the general doctrine of equitable tolling "'reliev[es] plaintiff from the bar of a

18  limitations statute when, possessing several legal remedies he, reasonably and in good faith,

19  pursues one designed to lessen the extent of his injuries or damage.'") (quoting *Addison v.

20  California*, 21 Cal.3d 313, 317 (1978)); *Thomas v. Gilliland*, 95 Cal. App. 4th 427, 525 (2002)

21  ("The doctrine of equitable tolling, however, only applies where the plaintiff has alternate

22  remedies and has acted in good faith.").

23      Then, the court examined California's *Bollinger* rule, *Bollinger v. National Fire Ins. Co.*,

24  25 Cal. 2d 399 (1944), which provided another, more narrow, type of equitable tolling when a

25  plaintiff files a timely initial action, and then a secondary action in the same forum.  Stated more

26  specifically, *Bollinger* found that tolling was appropriate when: (1) the trial court erroneously

27  dismissed the first action; (2) dilatory tactics on the part of the defendant "prevented disposition

28

Order Granting Defendants' Motion for Leave to File Motion for Reconsideration; Vacating Order Denying
Defendants' Motion to Dismiss; Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007recon.wpd        3

1   of the first action in time to permit a second filing within the [limitations period]"; and (3) the

2   plaintiff had at all times proceeded in a diligent manner. *Wood v. Elling Corp.*, 20 Cal.3d 353,

3   361 (1977).  In the instant case, this court considered the unique procedural circumstances of the

4   instant case, the fact that plaintiff had raised his excessive force claim in a timely manner in the

5   first action, plaintiff's misunderstanding of the rule of joinder, and plaintiff's diligence in

6   pursuing relief from the dismissal of the first action, and concluded that plaintiff should receive

7   equitable tolling.  As a result, the court denied defendants' motion to dismiss.  Thereafter,

8   defendants filed the underlying motion for reconsideration.

9           After careful consideration of defendants' arguments for reconsideration, the court

10  concludes that the denial of defendants' motion to dismiss was based on a failure to consider the

11  dispositive legal rule of *Bollinger*.  *See* Civil L.R. 7-9(b)(3).  California law makes clear that  in

12  order to be entitled to equitable tolling under the *Bollinger* rule, a plaintiff must demonstrate all

13  three *Bollinger* factors.  *See Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 421 (9th Cir. 1981)

14  ("The [California Supreme Court] thus made it clear that to avoid the literal language of [section

15  335], the plaintiff must demonstrate the existence of those three factors present in *Bollinger*.");

16  *Hull v. Central Pathology Service Medical Clinic*, 28 Cal. App. 4th 1328, 1337 (1994)

17  (reiterating that the three *Bollinger* factors are prerequisites expressly required to apply tolling);

18  *Wood*, 20 Cal.3d at 361 ("the concurrence of the three factors present in *Bollinger* is essential to

19  an application of the rule").

20          In denying defendants' motion to dismiss, this court did not consider that all three

21  *Bollinger* factors must be present before equitable tolling can apply.  Thus, despite plaintiff's

22  first federal action, *Sandoval v. Tilton*, No. 08-865 JSW  – which raised the underlying excessive

23  force claim – being timely, the court's dismissal of that case for violating the rule of misjoinder

24  was affirmed, plainly demonstrating that the dismissal for misjoinder was not in error.  In

25  addition, even though plaintiff appeared to diligently pursue his direct appeal, plaintiff has not

26  and cannot demonstrate that defendants engaged in dilatory behavior, or that the court's initial

27  dismissal was erroneous.  Without satisfying all the *Bollinger* factors, plaintiff is not entitled to

28

Order Granting Defendants' Motion for Leave to File Motion for Reconsideration; Vacating Order Denying
Defendants' Motion to Dismiss; Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007recon.wpd        4

1   equitable tolling.[1]

2          A review of several California cases applying the *Bollinger* rule is helpful here.  In

3   *Tannhauser v. Adams*, 31 Cal. 2d 169, 177 (1947), the plaintiff filed an action to quiet title.  The

4   suit was later dismissed for want of prosecution.  Six months later, the plaintiff filed a motion to

5   set aside the order, which was denied.  Thereafter, the plaintiff filed an untimely second action.

6   The California Supreme Court concluded that the plaintiff was not entitled to equitable tolling

7   under *Bollinger*, because the first action was not diligently pursued, and the first action was

8   dismissed due to the plaintiff's own error.  *Id.* at 177-78.

9          Later, in *Wood*, 20 Cal. 3d 353 (1977), the plaintiff filed suit against corporate

10  defendants.  The Superior Court dismissed the action because the plaintiff had failed to timely

11  serve the named defendants.  *Elling Corp. v. Superior Court*, 48 Cal. App. 3d 89 (1975).  The

12  plaintiff then brought a second action in Superior Court, naming the same defendants and

13  requesting the same relief.  In holding that the first action did not toll the statute of limitations,

14  the California Supreme Court stated that when the failure to comply with provisions regarding

15  timely service and prosecution of claims "operate to bring about a dismissal, the applicability of

16  the pertinent statute of limitations is restored as if no action had been brought."  *Wood*, 20 Cal.

17  3d at 359.  Here, as in *Wood*, plaintiff's first action was dismissed without prejudice because he

18  failed to cure the deficiencies, i.e., misjoinder, as ordered by the court.

19         Also, in *Hull*, 28 Cal. App. 4th 1328 (1994), the plaintiff brought a medical malpractice

20  action in state court.  She sought leave to amend, which was denied, and then filed a new action

21  in state court alleging the same cause of action she brought in her first suit, and adding another

22  ────────────────────

23         [1] The court notes that some California cases list the *Bollinger* factors as:  "(1) the
    plaintiff must have diligently pursued his or her claim; (2) the fact that the plaintiff is left
24  without a judicial forum for resolution of the claim must be attributable to forces outside the
    control of the plaintiff; and (3) the defendant must not be prejudiced by application of the
25  doctrine."  *Hull v. Central Pathology Service Medical Clinic*, 28 Cal. App. 4th 1328, 1336
    (1994).  Even using these factors, plaintiff is still not entitled to equitable tolling because he fails
26  to satisfy the second factor.  The court's dismissal of plaintiff's first federal action was due to
    plaintiff's failure to understand misjoinder and failure to comply with the Federal Rules of Civil
27  Procedure.  These failures were not outside plaintiff's control.

28

Order Granting Defendants' Motion for Leave to File Motion for Reconsideration; Vacating Order Denying
Defendants' Motion to Dismiss; Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007recon.wpd          5

1   claim.  The California Court of Appeal concluded that the second suit was barred by the statute

2   of limitations because the plaintiff had not diligently pursued the claims asserted in the second

3   action, and, due to the plaintiff's own failure to comply with the civil rules, the plaintiff failed to

4   properly amend her complaint in the first action.  *Id.* at 1336.

5           Finally, in *Hu v. Silgan Containers Corp.*, 70 Cal. App. 4th 1261, 1270-71 (1996), the

6   plaintiff brought a timely action against her employer for discrimination, but failed to pay the

7   filing fee.  After the statute of limitations had expired, the court voided the filing based on the

8   plaintiff's failure to pay.  Thereafter, the plaintiff paid the filing fee and late charges, but the

9   Superior Court granted judgment on the pleadings to the employer because it had no jurisdiction

10  to "reinstate" the action.  The California Court of Appeal rejected the plaintiff's argument for

11  equitable tolling, making a distinction between cases in which a plaintiff chooses between

12  several different forums in filing his first suit, and cases in which a plaintiff files a defective first

13  action.  *Id.* at 1270-71.  The state appellate court applied *Bollinger*, and concluded that because

14  the plaintiff failed to demonstrate dilatory actions on the part of defendants, or error on the part

15  of the Superior Court, the plaintiff was not entitled to equitable tolling.

16          Thus, applying California case law, plaintiff is not entitled to equitable tolling.  Plaintiff

17  did not allege, and the court has not found, that defendants engaged in any dilatory tactics.  In

18  addition, the Ninth Circuit Court of Appeal affirmed plaintiff's dismissal in *Sandoval v. Tilton*,

19  No. 08-865 JSW, supporting the fact that the dismissal of plaintiff's first federal action was not

20  in error.  Plaintiff's failure to comply with the court's order in *Sandoval v. Tilton*, No. 08-865

21  JSW, combined with the lack of error on the court's part and lack of dilatory tactics on

22  defendants' part, do not satisfy the elements required to equitably toll the statute of limitations.

23  *See, e.g.*, *Marasovic v. Contra Costa County Adult Protective Services*, No. 06-15579, 269 Fed.

24  Appx. 758, at **1 (9th Cir. March 12, 2008) (unpublished memorandum disposition) (affirming

25  dismissal of Section 1983 action because the *pro se* plaintiff did not "diligently pursue her initial

26  action against the defendants"); *Dawkins v. Woodford*, No. 09-1053 JLS (POR), 2012 WL

27  554371, at *4-5 (S.D. Cal. filed Feb. 21, 2012) (unpublished) (concluding *pro se* prisoner was

28

Order Granting Defendants' Motion for Leave to File Motion for Reconsideration; Vacating Order Denying
Defendants' Motion to Dismiss; Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007recon.wpd          6

1  not entitled to equitable tolling during the pendency of his previous federal actions which were

2  dismissed for failing to timely serve defendants); *Easley v. County of El Dorado*, No. 08-1432

3  MCE KJN, 2010 WL 4569137, at *15 (E.D. Cal. filed Nov. 3, 2010) (unpublished) (rejecting

4  *pro se* prisoner's request for equitable tolling as unreasonable and lacking in good faith when his

5  first complaint was filed in federal court and later dismissed due to plaintiff's own failure to file

6  an amended complaint), *aff'd by* 478 Fed. Appx. 447 (9th Cir. 2012) (unpublished memorandum

7  disposition); *Diggs v. Williams*, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3

8  (E.D. Cal. June 8, 2006) (unpublished) (finding *pro se* prisoner's complaint untimely and stating

9  that "California courts have declined to find equitable tolling in cases where the plaintiff's own

10  conduct delayed the prosecution of his previous action."); *see also Retail Clerks Union Local*

11  *648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1036 (9th Cir. 1983) (interpreting third

12  factor of the doctrine of equitable tolling to require that plaintiff must act reasonably and in good

13  faith regarding the filing of the first claim and the later claim).

14      Accordingly, plaintiff's complaint is untimely.  Because the court committed clear error

15  in its initial decision denying defendants' motion to dismiss, defendants' motion for

16  reconsideration is GRANTED.  *See School Dist. No. 1J*, 5 F.3d at 1263; Civil L.R. 7-9(b)(3).

17  **III.    CONCLUSION**

18      Defendants' motion for leave to file a motion for reconsideration is GRANTED.  The

19  court VACATES its June 11, 2013, order denying defendants' motion to dismiss.  Defendants'

20  motion to dismiss is GRANTED.  The Clerk shall terminate all pending motions as moot and

21  close the file.

22      IT IS SO ORDERED.

23  DATED: ___11/6/13___                    _Lucy H. Koh_____

24                                          LUCY H. KOH
                                            United States District Judge

25

26

27

28

Order Granting Defendants' Motion for Leave to File Motion for Reconsideration; Vacating Order Denying
Defendants' Motion to Dismiss; Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Sandoval007recon.wpd        7