IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARTHUR SANDOVAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONAL SGT. D. BARNEBURG, et al.,<br><br>　　　　Defendants. | No. C 12-3007 LHK (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Docket No. 59) |

　　　　Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  On November 7, 2013, the court granted defendants' motion to reconsider the court's order denying defendants' motion to dismiss based on untimeliness.  The court dismissed this action based on untimeliness, and entered judgment for defendants.  Plaintiff has filed a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59.

　　　　A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'"  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).  Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling.  *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's

denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

Liberally construed, plaintiff does not argue that he should receive reconsideration based on any of the above factors. Accordingly, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED:   5/2/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge